UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSE RODRIGUEZ,

            Plaintiff,

                                        MEMORANDUM & ORDER
        -against-                     17-CV-5099(JS)(AKT)

NASSAU COUNTY CORRECTION FACILITY,
NASSAU COUNTY SHERIFF, OFFICERS
SAEED, MCLAUGHLIN, JOHNSON, TORCHA,
MURPHY, WHITEFIELD, MCDONNEL,
AROUISTA, HOMLES, PULGRANO, BARBARA,
DAVIS, and CORPORALS AFLEGEL and
FIELDING,

            Defendants.
----------------------------------X
JOSE RODRIGUEZ,

           Plaintiff,

        -against-                   18-CV-2453(JS)(AKT)

NASSAU COUNTY CORRECTION,

            Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:       Jose Rodriguez, pro se
                      18001556
                      Nassau County Correctional Center
                      100 Carman Avenue
                      East Meadow, NY 11554

For Defendants:    No appearance.

SEYBERT, District Judge:

        On April 25, 2018, incarcerated pro se plaintiff Jose Rodriguez ("Plaintiff") filed another complaint, (see April Complaint, Docket No. 18-CV-2453, Docket Entry 1), in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") concerning his access

to a "TTY Phone" at the Nassau County Correctional Center (the "April Complaint")[1] together with an application to proceed in forma pauperis.[2] Plaintiff names "Nassau County Correction" (the "Jail" or "Defendant") as the sole Defendant in this case. (See Docket No. 18-CV-2453.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment

---

[1] By Memorandum and Order dated November 30, 2017 (the "November 2017 Order"), the Court dismissed Plaintiff's Complaint proceeding under Docket Number 17-CV-5099 against the Nassau County Correctional Facility alleging that he had been denied daily access to the TTY phone machine. (See Nov. 2017 Order, Docket Entry 7.) The Court granted Plaintiff leave to file an Amended Complaint, and, on December 11, 2017, Plaintiff timely filed a two-page, handwritten document entitled "Amended Complaint." (See Rodriguez v. Nassau Cty. Corr. Fac., et al., 17-CV-5099, Docket Entry 8.) Plaintiff's submission includes a caption naming the Nassau County Correction Facility, the Nassau County Sheriff, and Corrections Officers Saeed, McLaughlin, Johnson, Torch, Murphy, Whitfield, McDonnel, Arouista, Homles, Pulgrano, Barbara, Davis, and Corporals Aflegel and Fielding as Defendants. However, Plaintiff includes no allegations of conduct or inaction attributable to any of the named Defendants. And, notwithstanding the dismissal with prejudice of Plaintiff's claims against the Nassau Jail in the November 2017 Order, Plaintiff continues to name the Nassau Jail as a Defendant.

[2] Plaintiff filed an unsigned application to proceed in forma pauperis together with the April Complaint. By Notice of Deficiency dated April 26, 2018 (the "Notice"), Plaintiff was instructed to sign and return the enclosed application to proceed in forma pauperis within fourteen (14) days from the date of the Notice. On May 3, 2018, Plaintiff timely filed the signed application. (See Docket No. 18-CV-2453, Docket Entry 8.)

2

of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the April Complaint (see Docket No. 18-CV-2543) is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

THE APRIL COMPLAINT[3]

The brief April Complaint is submitted on the Court's Section 1983 complaint form. The Statement of Claim is a total of four sentences and, in its entirety, alleges:

> I have a restriction of me from using the law library and have lost access to the TTY phone. I am deemed deaf and need use the TTY phone. I filed grievance form on 3-25-2018, 4/2/2018, 4-12-2018, and 4-13-2018. I have a list of the details over these forms are the following pages.[4]

(April Compl. ¶ IV.) In the space on the Complaint form that calls for a description of any claimed injuries, Plaintiff alleges: "I have been unable to contact my family and my lawyer. I haven't

---

[3] The following facts are taken from Plaintiff's April Complaint (see Docket No. 18-CV-2453) and are presumed to be true for the purposes of this Order. Excerpts from the April Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[4] Annexed to the April Complaint are handwritten summaries of the various grievances Plaintiff allegedly filed on this issue (see Docket No. 18-CV-2453.)

3

been able to aide my case and ensure I can be sent home." (April Compl. ¶ IV.A.) For relief, Plaintiff "ask[s] that you inform the Jail of my need to use the TTY phone and release all restrictions from my life." (April Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to

"expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the Complaints filed by Plaintiff seek to challenge his access to a TTY machine during his incarceration at the Jail and the facts involved in both Complaints are largely the same. Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's Complaints be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case,

17-CV-5099. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the April Complaint, assigned docket number 18-CV-2453, CLOSED. Any future filings are to be docketed in only 17-CV-5099.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.

6

662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

IV. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Jones v. Nat'l Commc'ns and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. Feb. 21, 2008) (internal citations and quotation marks omitted) (unpublished opinion).  "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for

7

trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72. "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant,

to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin, 861 F.2d at 42.

V. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claims Against the Jail

As the Court made clear in the November 2017 Order, Plaintiff's Section 1983 claims against the Jail are not plausible because it has no independent legal identity. (See Nov. 2017 Order at 5-6.) It is well-established that "under New York law,

9

departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's Section 1983 claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Nassau County, and finds that he has not for the reasons that follow.

B. Claims As Construed Against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To

prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80

(2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se April Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, Plaintiff's April Complaint, as construed against Nassau County does not allege a plausible Section 1983 claim.

C. Claims Against the Individuals in the Amended Complaint

Here, as is readily apparent, Plaintiff's Amended

Complaint does not comport with the pleading requirements of Rule 8, and fails to state a claim upon which relief may be granted even when read liberally. (See Dec. 2017 Am. Compl., Docket No. 17-CV-5099, Docket Entry 8.) Plaintiff's sparse submission does not allege sufficient facts such that the Court may reasonably construe any plausible claims against any of the named individual Defendants. Nor does the December 2017 Amended Complaint seek any relief as is required by Federal Rule of Civil Procedure 8(a)(3). Because a party must plead with sufficient factual detail to "'nudge[ ] [his or her] claims . . . across the line from conceivable to plausible'" Iqbal, 556 U.S. at 680 (quoting Twombly, 550 U.S. at 570)), Plaintiff's claims against the individual Defendants are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

D. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims against the Jail are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint

13

against the Jail is DENIED.

However, in an abundance of caution, Plaintiff is GRANTED leave to file a Second Amended Complaint in order to allege any valid claims he may have against the municipality, Nassau County, and/or any proper Defendant. Any Amended Complaint shall be clearly labeled "Second Amended Complaint", shall bear only docket number 17-CV-5099(JS)(AKT), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that a Second Amended Complaint **completely replaces all prior Complaints**. Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Second Amended Complaint. If Plaintiff does not have sufficient information at this time to identify the police officer[s] he seeks to sue, Plaintiff may continue to name such individual[s] as "John Doe" but shall include factual allegations of conduct or inaction attributable to him in support of Plaintiff's claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the April Complaint, Docket No. 18-CV-2453, is sua sponte DISMISSED WITH PREJUDICE as against the Jail for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The April Complaint, Docket No. 18-CV-2453, is CONSOLIDATED with the December 2017 Amended Complaint filed under Docket No. 17-CV-5099 and is DISMISSED WITHOUT PREJUDICE as against the individual Defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS ORDER WITHIN THIRTY (30) DAYS FROM THE DATE AT THE BOTTOM OF THIS PAGE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to CLOSE Docket No. 18-CV-2453 and to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August ___28___, 2018
       Central Islip, New York